CONNECTICUT FOUNDRY COMPANY *v.* INTERNATIONAL LADIES GARMENT WORKERS UNION, AFL-CIO, ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued December 15, 1978—decision released March 6, 1979

*Norman Zolot,* with whom, on the brief, was *Burton S. Rosenberg,* for the appellants (defendants).

*Robert K. Beck,* with whom, on the brief, was *John E. Silliman,* for the appellee (plaintiff).

COTTER, C. J. On February 24, 1978, the trial court issued a temporary injunction, based on the plaintiff's complaint and application, restraining the manner and method in which the defendants—individuals and labor organizations—could picket the plaintiff's foundry and parking lot. Pursuant to an agreement and stipulation of the parties, on March 14, the temporary injunction was extended by order of the court to April 11, 1978, which provided, inter alia, that "either party may, if circumstances warrant, apply for an immediate hearing on the injunction prior to April 11," and that the parties may stipulate by affidavit for further extensions if required. On April 18, 1978, the court extended the temporary injunction for a period of one week, and, on April 25, it ordered the injunction extended until June 20, 1978.[1] On the basis of the claims that they did not voluntarily agree to a further extension of the injunction and that their request for a full hearing in open court on the merits pursuant to General Statutes § 31-115 was improp-

[1] The order of April 25, although characterized as a "restraining order," was concededly an extension of the temporary injunction.

erly denied,[2] the defendants have appealed from the April 25, 1978 order of the trial court extending the temporary injunction until June 20.[3]

The order from which the defendants have appealed has expired by its own terms and admittedly has not subsequently been renewed or extended. Hence, we consider, at the outset, the threshold question of whether the present appeal is moot.

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22; *Phaneuf* v. *Commissioner of Motor Vehicles,* 166 Conn. 449, 452, 352 A.2d 291; *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901; *Roy* v. *Mulcahy,* 161 Conn. 324, 328, 288 A.2d 64; Maltbie, Conn. App. Proc. § 21. In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law; *Reply of the Judges,* 33 Conn. 586; and where the question presented is purely academic, we must refuse to entertain the appeal. *Young* v. *Tynan,* 148 Conn. 456, 459, 172 A.2d 190.

The defendants, at oral argument, have conceded, as they must, that their appeal may be "moot" inso-

---

[2] The record before us is devoid of any clear showing that the court refused to conduct such a hearing.

[3] General Statutes § 31-118 specifically permits an appeal from the issuance or denial of a temporary injunction in a case involving or growing out of a labor dispute.

far as they recognize that any decision on the merits by this court could not result in a benefit to them as parties under the present circumstances of this case. The order from which the appeal has been taken has long since expired, so that a decision by this court favorable to the appellants would entitle them only to the invalidation of an injunction which no longer exists. See *Rosnick* v. *Zoning Commission,* 172 Conn. 306, 309, 374 A.2d 245. Nevertheless, they urge us to address the issue raised in this appeal and thereby to provide a definitive interpretation of the statute in question so as to preclude the recurrence of any similar dispute in the future and to protect labor generally from the abuses of unrestrained issuance of injunctions in industrial controversies.

Standing alone, such a reason is insufficient to convince this court that the case presents a situation "capable of repetition, yet evading review"; thus, the appeal should be dismissed as moot. See *Rosnick* v. *Zoning Commission, supra.* According to some authorities, that concept, first enunciated by the United States Supreme Court in *Southern Pacific Terminal Co.* v. *Interstate Commerce Commission,* 219 U.S. 498, 515–16, 31 S. Ct. 279, 55 L. Ed. 310, had not always been construed in the most consistent manner. See note, "The Mootness Doctrine in the Supreme Court," 88 Harv. L. Rev. 373, 386–95 (1974); note, "Mootness on Appeal in the Supreme Court," 83 Harv. L. Rev. 1672, 1685–87 (1970). Recently, however, in *Weinstein* v. *Bradford,* 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed. 2d 350, the court, citing its review of the historical development of the mootness doctrine in *Sosna* v. *Iowa,* 419 U.S. 393, 397–403, 95 S. Ct. 553, 42 L. Ed. 2d 532, concluded that, "in the absence of a

class action, the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was reasonable expectation that the *same complaining party* would be subjected to the same action again." (Emphasis added.) See also *Rosnick* v. *Zoning Commission,* supra.

The present case, which is not a class action, clearly fails to satisfy the latter element. The record before this court is devoid of any evidence demonstrating the existence of a "reasonable expectation" that these defendants will again be subjected to the action complained of here. There is no indication that the underlying labor dispute between the parties remains unresolved; compare *Bus Employees* v. *Missouri,* 374 U.S. 74, 77–78, 83 S. Ct. 1657, 10 L. Ed. 2d 763; and, consequently, the absence of evidence establishing the likelihood of a future strike and subsequent related court action is apparent.

Since the temporary injunction has long since expired by its own terms and the defendants no longer retain sufficient justiciable interests in the controversy, we must conclude that the defendants' appeal is now moot. See *Super Tire Engineering Co.* v. *McCorkle,* 416 U.S. 115, 121–22, 94 S. Ct. 1694, 40 L. Ed. 2d 1; *Oil Workers Unions* v. *Missouri,* 361 U.S. 363, 367–69, 80 S. Ct. 391, 4 L. Ed. 2d 373; *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158–59, 112 A.2d 208.

The appeal is dismissed.

In this opinion the other judges concurred.