## ACCURATE FORGING CORPORATION *v.* UAW LOCAL No. 1017 ET AL.
### (10327)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued November 3, 1982—decision released January 4, 1983

*J. William Gagne, Jr.,* for the appellants (defendants).

*Richard H. Alden,* for the appellee (plaintiff).

PER CURIAM. This is an appeal by the defendants from the issuance of injunctive relief sought by the plaintiff. On May 31, 1980, the then existing collective bargaining agreement between the plaintiff, Accurate Forging Corporation (Accurate Forging), and the defendant, UAW Local 1017 (Local), expired. A strike was called and picketing began on June 1, 1980. The picketing continued until June 12, 1980. On that date at about 7:45 a.m., a truck arrived to pick up a piece of machinery which the plaintiff wanted repaired. At that time there were some twelve picketing employees at the gate the truck was to enter; there were three chains and padlocks on that gate which had not been placed there by the plaintiff's employees. By the time the plaintiff's employees had sawed off the padlocks,

a fourth padlock was placed on by one of the pickets. More employees gathered; there was shouting and abusive language which was directed to the two company men inside the gate. Rocks were thrown in from the outside. The driveway outside the gate was blocked with union employees' vehicles; pickets pushed the gate closed, putting new chains on it. They also dragged up a large pole "similar to a telephone pole" and laid it across the outside of the gate. As the picketers became more hostile, the police were called in to control the situation. The police captain in charge, who responded with police assistance, concluded that he could open the gate with a force of some thirty to forty men in full riot gear, "but people would definitely be hurt and the gate could not be opened without violence." If the number of pickets increased, he would need more men. As a result of this altercation, the truck was prevented from picking up the piece of machinery.

On June 17, 1980, Accurate Forging filed a complaint in which it sought a temporary injunction, a permanent injunction, monetary damages and any other "just and proper" relief against the Local, certain named individuals,[1] and the International Union of United Automobile, Aerospace and Agricultural Implement Workers of America (International). After hearings on the matter, the trial court, *N. O'Neill, J.*, granted a temporary injunction against the Local and all the named individuals. The court found that there was insufficient evidence to grant an injunction against the International. The plaintiff has not appealed this ruling.

---

[1] Accurate Forging claimed that the six named individuals were "agents, representatives, officers and/or members of said International Union and Local Union."

On August 6, 1980, the defendants appealed the order granting the temporary injunction.[2]  On July 28, 1980, the union membership ratified a new agreement that ran from June 1, 1980, through May 31, 1982.  At that time all picketing ceased, and there has been no picketing since that date.

The Local has raised a number of issues in its brief challenging the trial court's order.  Guided, however, by our recent decision in *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 440 A.2d 310 (1982), we find the issues raised by this appeal to be moot.  Therefore, we need not address the merits of the case.

In *Waterbury Hospital,* we concluded that the fact that the underlying strike had been settled precluded us from ordering any practical relief to either party.  " ' "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." ' " (Citations omitted.)  Id., 249, quoting *Connecticut Employees Union "Independent," Inc.* v. *CSEA,* 183 Conn. 235, 246, 439 A.2d 321 (1981).[3]  Exactly the same situation exists in the present case.  The temporary injunction restrained the defendant Local and the individual

---

[2] General Statutes § 31-118 specifically permits an appeal from the issuance of a temporary injunction in a case involving a labor dispute.  *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177 Conn. 17, 19 n.3, 411 A.2d 1 (1979).

[3] The fact that the temporary injunction is technically still in effect also is of no significance.  In *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 440 A.2d 310 (1982), we stated that "[t]he permanent injunction appealed from existed only for as long as the conditions which produced the injunction existed."  Id., 250.  This principle is equally applicable here.

defendants from engaging in any picketing or other acts which would interfere with ingress and egress from the plant, and restrained them from committing or attempting to commit acts of violence against the plant or persons doing business with Accurate Forging. Since the strike was settled, however, the union membership has voluntarily restrained from engaging in any picketing. Under these circumstances, there is no practical relief that could emanate from this court that would benefit the Local.[4]

In oral argument before this court, counsel for the Local contended that this case fell within the parameters of the "capable of repetition, yet evading review" doctrine. This argument, however, was specifically rejected in *Waterbury Hospital* v. *Connecticut Health Care Associates,* supra, 253–54, and the defendants have provided this court with no basis for reconsidering that position in this case.

Finally, the defendants allege that Accurate Forging has posted a bond "to indemnify the union should [Accurate Forging] fail to 'prosecute the action to effect.' " They claim that their potential rights upon the bond are a sufficient interest in the outcome of the appeal for this court to take jurisdiction. Regardless of the merits of this claim,[5]

[4] In oral argument the plaintiff's counsel stated that the injunction issued in this case had no chance to take effect because the parties settled on their new collective bargaining contract without being aware that the injunction involved in this appeal had been issued.

[5] It should be noted that the defendants cite as authority for their claim the cases of *Liner* v. *Jafco, Inc.,* 375 U.S. 301, 84 S. Ct. 391, 11 L. Ed. 2d 347 (1964), and *Rochester Telephone Corporation* v. *Communications Workers of America,* 456 F.2d 1057 (2d Cir. 1972). A recent United States Supreme Court decision, however, undermines the applicability of the *Liner* case to the present action. In *University of Texas* v. *Camenisch,* 451 U.S. 390, 396, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981), the court held that "where a federal

nowhere in the record is there any indication that a bond was ordered, that it was posted or what its purpose was. "This court cannot resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings, or to documents or exhibits which are not part of the record. See *Gould* v. *Gould,* 164 Conn. 387, 389, 321 A.2d 443 [1973]; *American Can Co.* v. *Orange Pulp Co.,* 149 Conn. 417, 418, 180 A.2d 628 [1962]." *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 465, 378 A.2d 547 (1977). Furthermore, "[i]t is the appellant's obligation to provide this court with an adequate appellate record. Practice Book § 3082." *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982). Therefore, we do not consider this aspect of the defendants' claim.

Accordingly, the appeal is moot and is dismissed.

---

district court has granted a preliminary injunction, the parties generally will have had the benefit neither of a full opportunity to present their cases nor of a final judicial decision based on the actual merits of the controversy. Thus when the injunctive aspects of a case become moot on appeal of a preliminary injunction, any issue preserved by an injunction bond can generally not be resolved on appeal, but must be resolved in a trial on the merits. Where, by contrast, a federal district court has granted a permanent injunction, the parties will already have had their trial on the merits, and, even if the case would otherwise be moot, a determination can be had on appeal of the correctness of the trial court's decision on the merits, since the case has been saved from mootness by injunction bond."