[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Appellant, Portland Association of School Administrators (hereinafter "Association) appeals from the decision of the Connecticut State Board of Labor Relations (hereinafter "Labor Board"); on a petition by the Portland Board of Education (hereinafter "Portland") declaring a provision of a collective bargaining agreement between Portland and the Association, an illegal parity clause.
The thrust of the appeal is aimed not at the substantive issue of the legality of a parity clause; but rather the procedure by which the issue was raised and decided.
FACTS
Prior to a July 1, 1989 successor agreement, the contract between the Association and Portland contained the following provision as Article 28A:
 "Administrators will not be paid less than the per diem rate for the 17th step, 6th year of the teacher salary schedule multiplied by the administrative work year of 227 days."
The Association filed a grievance seeking the enforcement of Article 28A. The Education Enhancement Act resulted in sustantial salary increases for Portland teachers with the 17th step, 6th year of their salary schedule exceeding the rate of pay of certain Association members. This grievance resulted in an arbitration award in American Arbitration Association Case No. 1239.0427.87. The award directed Portland to pay salary increases to Association members. The salary increases were required because of the parity clause provision of Article 28A.
Portland did not dispute the legality of Article 28A in the arbitration hearing; and did not seek to vacate the arbitration award pursuant to Conn. Gen. Stat. Sec. 52-418. CT Page 10588
Portland responded to the September 13, 1988 arbitration award, by filing its petition for declaratory ruling with the Labor Board on September 16, 1988. That petition resulted in the decision which is challenged by this appeal.
In a parallel proceeding the Association sought to confirm the arbitration award, Docket No. CV-88-0053221-S, Association v. Portland, Middlesex Judicial District. In that action the Court (Higgins, J.) abstained from further action until a final decision is rendered in this appeal.
In negotiations for a successor collective bargaining agreement between the Association and Portland, Article 28A was deleted effective July 1, 1989.
The Labor Board held hearings on Portland's declaratory ruling petition on May 16, 1989, September 13, 1989 and November 20, 1989. At the outset of the hearing it was known to all the parties that the agreement which would take place on July 1, 1989 deleted Article 28A, the parity clause.
The Appellant Contends that under the facts of this case the issue of the parity clause was moot when presented and/or decided by the Labor Board. The appellant relies on Labor Board decisions which indicate that the relief available in a parity case is the deletion of the offending clause from the collective bargaining agreement, see Labor Board decisions, City of New London, (1973) Decision No. 1128, City of Middletown, Decision No. 1669, Borough of Naugatuck, Decision No. 1228 (1979).
The Labor Board decisions and the mootness cases cited by Appellant in its brief are distinguishable from the instant case. In none of the cited cases is there a simultaneous effort by the party claiming the issue of mootness; to enforce the parity clause to the economic disadvantage of the other party to the contract.
If there were not this effort to enforce the parity clause award the issue of the validity of Article 28A would indeed be moot. It is the enforcement of the parity clause which impacts the rights of Portland, even though Portland is not entitled as a matter of law to enter into a contract illegal under public policy, Lieberman v. Board of Labor Relations, 216 Conn. 253 (1990).
A finding of mootness is dependent on the absence of an actual controversy for which relief can be granted. Waterbury Hospital v. Connecticut Health Care Association,186 Conn. 247, 251 (1982). Hartford Principals Supervisor CT Page 10589 Assn v. Shedd, 202 Conn. 492, 497 (1987). The controversy exists over the enforcement of Article 28A now as it did when the matter was before the Labor Board. Thus, the labor board's decision on validity may impact the enforcement action in CV-88-0053221.
The Court determines that the issue of the parity clause was not moot when decided by the Labor Board.
Appellant also argues that the decision of the Labor Board in determining the parity clause illegal is an improper effort to upset the arbitration award enforcing the clause. Citing the authority of the Superior Court to vacate, confirm or modify arbitration awards pursuant to Conn. Gen. Stat. Sec. 52-418 et. seq.
The answer to this claim is simply that the Labor Board decision does not purport to directly address the arbitration award.
The Labor Board holding is:
 "Declared, that to the extent discussed in the attached decision, the provision (Article 28A) of the collective bargaining agreement between the Portland Association of School Administrators is an illegal parity clause."
An issue which was not moot since the Association had an action pending seeking the enforcement of the offensive provision.
The Labor Board decision does not directly effect the arbitration award.
The final claim of the Association is that Portland is estopped from asserting the illegal nature of the parity clause because of its conduct on prior negotiations and in confirming parity as a policy.
A parity clause is clearly an illegal subject of collective bargaining. Local 1219 v. Conn. Labor Relations Board, 171 Conn. 342 (1976). In the collective bargaining context parties are prohibited from bargaining and agreeing on illegal subjects of collective bargaining, N.L.R.B. v. Master-Division, Borg. Warner Corp., 356 U.S. 342, 349-50
(1958); West Hartford Education Assn. Inc. v. DeCaurcy,162 Conn. 566, 576-77 (1972). The ultra vires nature of Portland's actions in agreeing to or advocating a parity clause is expressly recognized in Lierberman v. Board of CT Page 10590 Labor Relations, 216 Conn. 253 (1990).
Estoppel or res judicata would normally preclude the action of Portland in foregoing its claim of illegality in the arbitration proceedings to save it for another forum. The special nature of the arbitration process, however; saves the claim in this instance. This has been recognized in a long line of cases. New Britain Machine v. Lodge, 1021,143 Conn. 399, 404; American Brass Co. v. Torrington Brass Workers Union, 141 Conn. 514, 521; L. Luzio Construction Co. v. Connecticut State Board of Labor Relations, 148 Conn. 135
and Local 1291 v. Connecticut State Board of Labor Relations,171 Conn. 342, 354 (1976).
The continuing contraversy over the application and financial consequences of the illegal parity clause, also serves to answer appellant's challenge to Portland's standing to raise the issue of the parity clause.
It is true that the detriment of Article 28A fell on the teachers who had not brought or participated in the challenge to the parity clause. The interest of Portland in avoiding illegal contract provisions certainly suffices to give them standing to challenge the legality of the parity clause. See Conn. Assoc. of Health Care Facilities Inc. v. Warrell,199 Conn. 609, 612 (1986).
For the foregoing reasons the appeal is dismissed.
Appeal Dismissed.
HON. ROBERT McWEENY SUPERIOR COURT JUDGE