[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
By a memorandum of decision filed on May 11, 1994, this court dismissed as moot the above-captioned appeal from the decision of the Connecticut State Board of Labor Relations ("State Board") dismissing the charge of the Bloomfield Administrators Association ("Association") that the Bloomfield Board of Education had engaged in an unfair labor practice when it eliminated one of three vice-principalships at Bloomfield High School in 1990.
After the court's dismissal of the appeal, the Association filed a motion to reargue, asserting that the case was not moot because all of the relief requested in its complaint to the State Board had not been achieved by the reinstatement of the vice-principal, Ronald E. Theriault, immediating after a ruling by the Appellate Court in Theriault v. Board of Education, 31 Conn. App. 690,cert. denied, 227 Conn. 911 (1994).
At a hearing on the motion to reargue, the parties stipulated to the admissibility of two affidavits signed by Portia T. Mendez concerning the present situation. In those affidavits, Ms. Mendez states that subsequent to the decision of the Appellate Court on June 7, 1993, Mr. Theriault was reinstated to an administrator's job at the High School (5/18/94 Affidavit, para. 4). The parties further stipulated that the job to which Mr. Theriault was reinstated was that of high school vice principal and that he was, from the time of reinstatement to this date, employed and paid as a high school vice principal.
The parties further stipulated that from the reinstatement of Mr. Theriault to the present date, the Bloomfield Board of Education has employed three high school vice principals but that it has not amended its written budget, which indicates only two vice principal positions at the high school.
The parties stipulated that after the Appellate Court's ruling, the Association and the Board of Education engaged in CT Page 7186 collective bargaining to amend the contract clause concerning reduction in force/terminations of administrators and that the collective bargaining agreement that is the successor to the 1990-1993 agreement, which was in effect at the time the Association filed its unfair labor practice complaint, contains the new provision with regard to reduction in force/termination.
The facts set forth above confirm this court's determination that the unfair labor practice complaint that is the subject of this appeal is moot and is not the sort of controversy that is capable of repetition yet evading review.
The complaint to the State Board was that the board of education had eliminated a vice principal's position and terminated a vice principal without engaging in collective bargaining. The employee so terminated was reinstated to a position as a vice principal, and his employment as such brought to three the number of vice principals employed at Bloomfield High School from the date of his reinstatement to the present date.
Whether the budget document for the Bloomfield public schools specifies two vice principals is of no consequence: the fact is that three are now employed, that is, that there are three high school vice principal positions de facto at this time.
The relief requested by the Association in its complaint of a prohibited practice to the State Board was as follows:
 "1. Restoration of a third position of vice principal at Bloomfield High School;
 2. Revocation and cancellation by the Bloomfield Board of Education of the termination of Mr. Theriault;
 3. Reinstatement of Mr. Theriault as a Vice Principal of Bloomfield High School pursuant to contract requirements;
 4. Retroactive adjustment of salary and any and all other contract benefits resulting from the Board of Education's wrongful termination of Mr. Theriault."
Upon reargument, the Association made no claim that the final three requests for relief had not been rendered moot by the CT Page 7187 reinstatement of Theriault in 1993. The Association's only argument is that by reinstating Theriault and employing three high school vice principals from that time to the present date, the board of education did not actually restore the third position of vice principal.
The court finds insupportable the distinction asserted by the Association. The board of education cannot now be characterized as employing three persons in two positions. Where there are three individuals with the title of vice principal drawing the salaries of vice principals this court considers that the Bloomfield board of education has three positions of vice principal, whether or not it has created a revised organizational chart or budget document to reflect this present reality.
Pursuant to the standards stated by the Supreme Court inHartford Principals' and Supervisors' Assn. v. Shedd, 202 Conn. 492,497 (1987) and cases cited therein, the controversy concerning the elimination of Theriault's position is moot.
The Association argues, based on other assertions in Ms. Mendez's affidavit, that the Board is likely again to eliminate one of the three vice principal positions for the 1994-95 school year. This prediction does not render the issue one capable of repetition yet evading review. Rather, the Association is asserting that a new reorganization, pursued under a different collective bargaining agreement than was in effect in 1990-91, may also give rise to complaints of prohibited labor practices. There is no indication that any member of the bargaining unit would be terminated from employment as a result of any contemplated action for the 1994-95 school year.
A controversy is "capable of repetition yet evading review" only if the same complaining party is likely to be subjected to the same action again. Hartford Principals' Supervisors' Assn. v.Shedd, 202 Conn. 499; Connecticut Foundry Co. v. InternationalLadies Garment Workers Union, 177 Conn. 17, 19-20 (1979).
The action that the Association complained of in 1990 as a prohibited practice was the combined action of eliminating a position and terminating the employment of a member of the bargaining unit who occupied that position. The affidavits provided by the Association support no finding of a likely repetition of that action but forecast a significantly different possible event, the elimination of a position with no loss of CT Page 7188 employment to bargaining unit members under the operation of a new contract provision regarding reduction in force.
In reality, the Association is asking this court to decide the abstract issue whether a board of education may unilaterally decide to employ fewer administrators to perform the administrative work of a school system.
The position at issue in the Association's complaint to the State Board was restored de facto by the re-employment of Theriault in that position. The court continues to find that this case is therefore moot and that the abstract issue that the Association claims to be unresolved is not one that can or should be addressed in the absence of actual facts and a present case and controversy.Board of Education v. Board of Labor Relations, 205 Conn. 116, 129
(1987).
The motion to reargue is granted, and upon the factual record presented at reargument, the appeal is dismissed as moot.
Beverly J. Hodgson Judge of the Superior Court