[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#155 AND #157)
This action involves a dispute between the plaintiff, Bradley Jacobs, and the defendants, Marc and Debra Shore (the Shores), and Nancy Colson, over the Shores use of their property which is located "close" to the plaintiff's property. On November 12, 1994, the plaintiff filed an amended complaint in eight counts against the defendants. Counts one through four of the amended complaint, which are the subject of the Shores' motions to dismiss, pertain to an "illegal addition" on the gatehouse located on the Shores' property, and the use of the gatehouse.
Specifically, in count one the plaintiff alleges that no plans for the addition were ever filed, no permit for the addition was applied for or issued, and no certificate of occupancy for the gatehouse, as enlarged by the addition, was applied for or issued. Therefore, the plaintiff alleges that he is entitled to a mandatory injunction compelling the Shores to demolish the addition. In count two, the plaintiff further alleges that the Shores are illegally using and occupying the gatehouse, as altered by the addition, and requests an injunction prohibiting the use and CT Page 9314 occupancy of the gatehouse pending the issuance of a certificate of occupancy or the demolition of the addition.
In the third count, the plaintiff further alleges that in December, 1992, the Town of Greenwich Planning Zoning Board of Appeals (Board) granted an appeal to reactivate a special exception and use variance that permitted the gatehouse to be maintained as an oversize accessory building upon construction of a new primary dwelling unit. The plaintiff alleges that the special exception and use variance expired when the property was conveyed by Colson, the former owner, to the Shores, and therefore, he is entitled to a declaratory judgment to that effect. Finally, in count four, the plaintiff alleges that the primary dwelling unit that the Shores intend to construct "would materially and adversely affect the plaintiff's views from, and therefore, his use and enjoyment of, [his property]." The plaintiff seeks an injunction prohibiting the Shores from commencing construction of a new primary dwelling pending the demolition of the addition, the issuance of a variance allowing the use of the gatehouse as a nonconforming accessory building, and the issuance of a special exception permitting the maintenance of the gatehouse as an oversized accessory building.
On March 23, 1995, the Shores filed a motion to dismiss the first and second counts of the amended complaint, and a motion to dismiss the third and fourth counts of the amended complaint, on the ground that the court lacks subject matter jurisdiction due to mootness. The Shores also filed supporting memorandum of law. On April 21, 1995, the plaintiff filed memorandum of law in opposition to the defendants' motions to dismiss.
Mootness implicates the subject matter jurisdiction of the court. Board of Education v. New Haven, 221 Conn. 214, 216,602 A.2d 1018 (1992); Sadlowski v. Manchester, 206 Conn. 579, 583,538 A.2d 1052 (1988). A claim that is moot is properly subject to a motion to dismiss. Hartford Principals' and Supervisors'Association v. Shedd, 202 Conn. 492, 497-98, 522 A.2d 264 (1987).
A moot question is one that is "disconnected from the granting of the actual relief or from a determination of which no practical relief can follow." Hartford Principals' and Supervisors'Association v. Shedd, supra, 202 Conn. 497; see also WaterburyHospital v. Connecticut Health Care Associates, 186 Conn. 247, 249-250,440 A.2d 310 (1982). "The term `mootness'. . . typically applies to a situation where, during the pendency of an appeal, events have occurred that make [a] . . . court incapable of CT Page 9315 granting practical relief through a disposition on the merits."State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 181,527 A.2d 688 (1987). An actual controversy must exist for the court to have jurisdiction over the action "because the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law." Waterbury Hospital v. Connecticut Health CareAssociates, supra, 186 Conn. 250. "The law recognizes that the actions of parties themselves, by settling their differences, can cause a case to become moot." Id., 251 (appeal from permanent injunction held to be moot because the strike at issue had ended and parties had settled their dispute).
The Shores argue that they have voluntarily agreed to demolish the "illegal addition" as requested by the plaintiff. The Shores further contend that they have obtained a "special exception/variance" allowing them to use the gatehouse as an accessory use, and therefore, they "have no interest in the old special exception/variance" that is referred to in count three of the plaintiff's complaint. The Shores argue that they have taken every step necessary to accomplish the relief that the plaintiff requests in counts one through four of his complaint, and therefore, these claims are moot because no further relief can be provided by the court.
In opposition, the plaintiff argues that he has appealed the Board's granting of the permit allowing the Shores to demolish the addition and the Board's granting of the "special use/variance" to the Shores. The plaintiff further argues that the Shores have not applied for, or been granted, a special demolition permit which is required to demolish the addition pursuant to the Greenwich Municipal Code § 6-313 et seq., or sought a variance allowing the continued use of the gatehouse as "a nonconforming accessory building located in the front yard of Parcel B, less than 75' from the front lot line thereof."
The parties do not dispute that the Shores have applied for, and been granted, an application for building permit allowing them to demolish the addition. however, the agreement by the Shores to demolish the addition,[1] and their obtaining of the permit, does not render the court "incapable of granting practical relief through a disposition on the merits." See State v.Tippetts-Abbett-McCarthy-Stratton, supra, 204 Conn. 181. The granting of the application may permit the Shores to demolish the addition, but it does not require or guarantee the demolition. In fact, the actual demolition of the addition is the event that could render CT Page 9316 the plaintiff's claims moot.
Furthermore, in count two the plaintiff seeks an injunction "prohibiting the use and occupancy" of the gatehouse pending the demolition of the addition or granting of a certificate of occupancy, and in count four the plaintiff seeks an injunction "prohibiting the Shores from taking any steps to construct a new primary dwelling" pending the demolition of the addition and other events. Therefore, the agreement by the Shores to demolish the addition, and their obtaining of the permit to do so, absent the actual demolition of the addition, does not prevent the relief sought by the plaintiff.
In regard to count three of the complaint, the plaintiff seeks a declaratory judgment stating that the special exception granted by the Board in December, 1992, expired when the Shores purchased their property from Colson in July, 1994. The parties do not dispute that the Shores have obtained a "special exception/variance" allowing them to use the gatehouse as an accessory use. Accordingly, the Shores argue they have obtained their own "special exception/variance" and that the plaintiff's claim is moot because they "have no interest in the old special exception/variance." The Shores have failed to provide any support for their argument that their lack of interest in the prior special exception renders the plaintiff's claim in count three of the plaintiff's complaint moot. Therefore, the Shores' motion to dismiss on such ground is denied.
Accordingly, the motions to dismiss counts one through four on the ground of mootness is denied.
KARAZIN, J.