[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 20, 1995, the plaintiff, The Bank of New Haven, filed a single count complaint against the defendants, Hilton Mechanical Contractors, Inc., Robert K. Hilton and Kathleen Hilton, arising out of an action pursuant to General Statutes § 52-552b et seq., the Uniform Fraudulent Transfer Act. On June 19, 1995, the plaintiff withdrew its action as to the defendant Robert K. Hilton. On June 20, 1995, the defendant Robert K. Hilton filed a motion to strike the entire complaint on the ground of legal insufficiency and concurrently filed a supporting memorandum. The plaintiff filed a memorandum objecting to the defendant's motion to strike on June 26, 1995.
"The law recognizes that the actions of parties themselves, by settling their differences, can cause a case to become moot."Waterbury Hospital v. Connecticut Health Care Associates, 186 Conn. 247,251, 440 A.2d 310 (1982) "A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." Hallas v. Windsor, 212 Conn. 338, 347-48,562 A.2d 499 (1989). "[I]t is not the province of . . . courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow."Patterson v. Council on Probate Judicial Conduct, 215 Conn. 553,561, 577 A.2d 701 (1990).
Because the plaintiff has withdrawn its action as to the defendant, Robert K. Hilton, no practical relief can follow from the determination of the question raised on the defendant's motion.
For the foregoing reason the motion to strike is denied.
Howard F. Zoarski, Judge CT Page 12057