[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the Plainville Zoning Commission's ("Commission") denial of plaintiffs notice of intervention and request for notice of meetings, pursuant to Conn. Gen. Stats. Sec. 22a-19.
This appeal was heard on February 28, 1991 at which time Joseph A. Toner, a member of the Commission, testified without objection. Subsequent briefs were filed and extensions granted for various reasons.
Defendant claims as a threshold issue that this appeal CT Page 7637 is moot because the application for site plan, dated June 14, 1989, in connection with which intervenor status was sought, has been withdrawn and is not now before the Commission.
A brief summary of facts leading to this withdrawal, as well as collateral litigation is useful at this point.
The site plan referred to was for a 15.2 acre parcel of land on Camp Street, New Britain owned by A. Aiudi Sons, the intervening defendant in this appeal, on which it operates a cement plant. On June 11, 1989 the Zoning Board granted to Aiudi a twelve-foot variance from the sixty-foot height restriction in the General Industrial Zone in which the parcel was located, to permit the construction of an asphalt plant with a 72-foot high elevator structure on the premises. The grant of the variance was appealed to this court and on October
[EDITORS' NOTE: PAGE 3 OF THE ORIGINAL TEXT IS ELECTRONICALLY NON-TRANSFERRABLE.]
Allegations of aggrievement were made in the complaint and even though no oral evidence of aggrievement was offered to this court, the plaintiff is found to be aggrieved under Sec. 8-8
Conn. Gen. Stats. as having a specific personal and legal interest, as distinguished from the rest of the community. It is noted that the plaintiff was found to be an aggrieved person in both court cases referred to above, dealing with the same Camp Street premises.
 III.
It is clear that the site plan filed by Aiudi and Sons, Inc. for an asphalt plan was filed with the Commission for its consideration based on then existing zoning situation i.e. that the premises were in a general industrial zone and that a height variance had been granted by the Zoning Board of Appeals. Since then, the height variance has been negated and the zone changed to Quarry Industrial. That site plan, therefore, could no longer be validly be considered by the Commission. Indeed the testimony before this court was that the Commission no longer considered that site plan as being active before it and in a letter dated May 14, 1990, counsel for Aiudi formally withdrew the application.
The existence of an actual controversy is essential to appellate jurisdiction. Hartford Principals' Supervisors' Assn. v. Shedd, 202 Conn. 492, 496 (1987). "[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." Connecticut Founding Co. v. Intn'l Ladies Garments Workers CT Page 7638 Union, 177 Conn. 17, 19 (1979). Where the question presented is partly academic, the court should refuse to entertain the appeal. Id.
Since the site plan is no longer before the Commission, this appeal from the denial of intervenor status in the anticipated administrative action on the site plan application is moot, and therefore this appeal is dismissed.
 IV.
Even though this appeal has been dismissed because of mootness, the question as to whether plaintiff is entitled to be granted intervenor status with respect to any future site plan on the subject premises, is likely to reoccur. Sec. 22-19 (a) Conn. Gen. Stats. would seem to give any person filing a verified petition, the right to be heard, before a Planning Commission as to the environmental issues raised in the petition, limited, of course, by the scope of concerns which is property within the concern of the planning commission as set forth in the general statutes and the zoning regulations. Red Hill Coalition v. Conservation Commission, 212 Conn. 710
(1989). However, the statute is not intended to expand the jurisdictional authority of the planning commission. Connecticut Friend for the Environment v. Stamford, 192 Conn. 247
(1984). Further, such right to intervene may be qualified to the extent that the petitioner has a direct or personal reason for seeking such intervention rather than acting primarily "for the protection of the public trust in the air, water, etc." See Kerin et al v. Burns et al, C.L.T. No. 32, Superior Court No. CV-82-0037205 at New Britain, January 24, 1983.
WAGNER, J.