[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR JUDGMENT CONFIRMING ARBITRATION AWARD
The plaintiff and the defendant were parties to a contract which contained a provision for arbitration of disputes arising under the contract. Such a dispute in fact did arise and was submitted to an arbitrator pursuant to the terms of the contract. On November 19, 1992, the arbitrator rendered an award in favor of the defendant.
On December 1, 1992, the plaintiff filed an application to vacate the arbitration award pursuant to General Statutes §52-418.[1] An amended application was filed on January 7, 1993. After hearing, this court, Dorsey, J., rendered judgment vacating CT Page 14239 the award on June 14, 1993. At no time during this period did the defendant move to confirm the award in accordance with General Statutes § 52-417.[2]
The defendant appealed, and on July 28, 1994, the Appellate Court reversed and remanded with directions to render judgment denying the plaintiff's application to vacate the award. Following the denial of certiorari to the Connecticut Supreme Court on September 14, 1994, the defendant, on December 5, 1994, finally moved for confirmation of the award.
The plaintiff objects to confirming the award on the basis that the defendant did not move to confirm within the one year period specified by statute. It is indeed beyond dispute that the defendant's December 5, 1994 motion was filed well past one year from the date on which the award was rendered. However, if the period between the taking of the appeal and the denial of certiorari is excluded from this calculation, the application for confirmation would be timely. The question, therefore, is whether § 52-417 requires a party seeking confirmation of an arbitration award to file such an application, even if a motion to vacate the award (which must be filed within thirty days of the award) has already been filed and granted, and is on appeal.
Practice Book § 4046 requires that "Proceedings to carry out judgment are automatically stayed until the appeal period expires" and, if an appeal is filed, "until final determination of the cause." The defendant attempts to argue that the arbitrator's award is the equivalent of a judgment and that therefore the defendant was prohibited from seeking to confirm it once the vacating of the award was on appeal. The award, however, is not a judgment until a successful application to confirm the award makes it one. The automatic stay provisions of Practice Book § 4046, therefore, do not apply.
Practice Book § 4032 provides that when a case is appealed to the Appellate Court, it remains on the docket of the court in which the case was tried. There was nothing to prevent the defendant from filing its motion to confirm the award in this court even while the appeal of the decision granting the motion to vacate the award was pending. The defendant could easily have held its place on line, so to speak, and perfected its right to seek confirmation of the award once the appeal was disposed of, simply by filing the document by November 19, 1993. CT Page 14240
A review of recent Superior Court cases involving applications either to vacate or confirm arbitration awards suggests that it is common practice for both parties to file their respective motions promptly once the arbitrator has rendered an award. See, e.g., Fairstreet foundry Associates v.J.A. Nash Co., No. CV95-0371384 (May 5, 1995) 1995 Ct. Sup. 4715;Ohmes v. Government Employees Insurance Co., No. 316002 (January 11, 1995) 1995 Ct. Sup. 950. Although the court "shall" grant an order confirming an award unless the award is vacated, modified or corrected, the court's power to do so is conditioned on a timely application having been made in accordance with General Statutes § 52-417.
The only case cited by the parties or found by the court in which an application to confirm an award was filed more than one year after the rendering of the award is Laudano v. Lupo, Superior Court, judicial district of New Haven at New Haven, Docket No. CV91-0317861S (June 7, 1995, DeMayo, S.T.R.), 1995 WL 356781, In that case, the plaintiffs filed an application to vacate, modify or correct an award, which was denied. The defendant never moved to confirm the award in accordance with General Statutes § 52-417. The court, DeMayo, S.T.R., ruled that a denial of the application to vacate is not the functional equivalent of an order confirming the award and that, the one-year period within which confirmation could be had having long since expired, the defendant could not obtain such confirmation.
The defendant notes that the Appellate Court was aware of the fact that "There is no application to confirm the award in the file." Haynes Construction Corp. v. Cascella Son Construction,36 Conn. App. 29, 41 n. 13 (1994). The defendant argues that this footnote to the opinion in effect sanctions the decision not to file its application to confirm until after the resolution of the appeal, claiming that if this were not the case, the Appellate Court would have had to dismiss the appeal as moot, sua sponte. See, e.g., Connecticut foundry Co. v. International LadiesGarment Workers Union, AFL-CIO, et al., 177 Conn. 17, 411 A.2d 1
(1979); State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,181, 527 A.2d 688 (1987).
Rather than suggesting that the Appellate Court did not consider the matter moot, however, the footnote only demonstrates that the Appellate Court had a reason for not including in its rescript the direction to enter judgment confirming the award. The fact that the Appellate Court had no application to confirm CT Page 14241 the award in its file did not necessarily rule out the possibility that one had been filed in the case pending in this court or that an independent action seeking confirmation had been filed within one year of the award.
The defendant has offered no reason why it could not have filed an application to confirm the award at any time prior to the taking of the appeal. Its only justification for not filing such an application prior to November 19, 1993, one year from the date of the award, is its claim that Practice Book § 4046 prevents such a filing while the appeal is pending. Because that section prevents only proceedings to enforce judgments, the defendant's reliance on the Practice Book is misplaced.
The defendant has failed to comply with the very liberal provisions of the statutes requiring an application to confirm an arbitration award be filed within one year of that award. Having failed to take that action within the statutory period, the plaintiff's objection to the defendant's present effort to confirm must be sustained. This is an unfortunate result, because in light of the Appellate Court's direction to render judgment denying the motion to vacate, this court would have had no choice but to grant a timely filed motion to confirm. Statutes in derogation of common law must be strictly construed, however, and a strict construction of the time limitation of § 52-417
requires that this motion to confirm be denied as untimely. See,Ahern v. New Haven, 190 Conn. 77, 82, 459 A.2d 118 (1983);Willoughby v. New Haven, 123 Conn. 446, 454, 197 A. 85 (1937); 3 J. Sutherland, Statutory Construction (5th Ed. Singer 1992 Rev.) 61.01, pp. 172-73.
The defendant's motion to confirm award is therefore denied.
Jonathan E. Silbert, Judge