ROBERT SMITH v. GLOBE FORD, INC., ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW HAVEN | FILE NO. 164826 |

Memorandum filed July 13, 1983

*John A. Keyes,* for the plaintiff.

*Hurwitz & Sagarin,* for the defendants.

LEVINE, J. The amended complaint dated May 25, 1983, contains four counts directed against Globe Ford, Inc., an automobile dealer in the New Haven area, and Bernard Fidler as its agent, servant and employee in its leasing department. The first two counts against the defendants Globe and Fidler are based on malicious prosecution, while the last two counts contain allegations of abuse of process.

---

In the early part of 1978, Sherry Allen of Bridgeport leased three motor vehicles from Globe. Allen was a nurse's aide who utilized the cars to travel to her duties taking care of sick patients. Her boyfriend, Robert Smith, was the plaintiff here. On or about March 7, 1978, a 1977 Pinto automobile leased by Allen from the defendant Globe was about one week overdue. Allen claims that she phoned Globe to advise it of the overdue status and that the delay was caused by her obligation to remain with her patient. Both the defendants deny receipt of this phone call. Allen further allegedly stated in her phone call to Globe that she promised to return the vehicle the next day.

While the car was in the possession of Allen, she delivered it to her boyfriend, the plaintiff, Smith. The plaintiff testified that he was going to use the car to carry paint to his mother's residence, so that he could assist her. The plaintiff testified that on March 10, 1978, while he was sitting in the car on a public street of the city of New Haven eating a sandwich, he was confronted by a police officer displaying a revolver. The officer allegedly asserted to the plaintiff that the car was "stolen." The plaintiff was searched by the officer. Four to five additional patrol cars arrived at the scene. The plaintiff also stated that he had picked up the car from Allen only some two hours before he was arrested at Dixwell Plaza in New Haven. The plaintiff was not a named lessee of the vehicle, nor was he authorized, pursuant to any agreement between Allen and Globe, to drive it.

At that point, the plaintiff was arrested, handcuffed and transported to New Haven police headquarters on Union Avenue. He was charged with larceny in the second degree. He testified that he remained in jail from 11 p.m. to 8 a.m. on March 11, 1978. The plaintiff asserted that he was very embarrassed, humiliated and scared by this entire sequence of events. He further

testified that he had gone to court four or five times, that he had retained a lawyer and that the larceny charge had, on April 18, 1978, finally been dismissed by the court in the judicial district of New Haven, geographical area No. 16.

The plaintiff testified that he was employed by the Electric Boat Company in Groton and earned $5.34 per hour. He asserted that, because of this incident, he missed three days of work, with a resulting loss of wages. After the larceny charge was dismissed, however, the plaintiff conceded that he was permitted to continue on his job at Electric Boat Company.

In his final summation, the plaintiff calculated his damages as follows:

| | |
|---|---:|
| Loss of Wages | $ 142 |
| Counsel Fees | 100 |
| General embarrassment, humiliation, etc. | 2000 |
| | $2242 |

The defendant Fidler testified that on or about the dates involved he had contacted the New Haven police department by phone for a dual purpose. He stated that he had reported that one of Globe's vehicles had been stolen and that another vehicle was overdue. His contention was that he had reported to the police department that Allen's car was an overdue vehicle, rather than a stolen vehicle. Fidler testified that he was not sure whether he had ever met Allen personally. He emphatically denied that he had ever met the plaintiff Smith, or that he had any personal prejudice or grievance against Smith prior to the present incident.

Fidler did testify that his firm followed the practice of contacting the New Haven police department once a rental vehicle was not returned within the time specified in the rental agreement. Fidler also stated that, in such event, a registered mail letter making written

demand for the return of the vehicle would first be sent by Globe to the lessee. Such a letter would request the surrender of the vehicle within 120 hours. Fidler stated that his best recollection is that, in the present case, such a letter was sent by Globe to Allen prior to his contact with the police department. Globe was unable, however, to produce the rental agreement or the demand letter due to a claimed fire at its premises and the ensuing destruction of records. Globe's business was subsequently terminated.

General Statutes § 53a-119 (10), under which the plaintiff had been charged with larceny in the second degree, provides as follows: "(10) Conversion of a motor vehicle. A person is guilty of conversion of a motor vehicle who, after renting or leasing a motor vehicle under an agreement in writing which provides for the return of such vehicle to a particular place at a particular time, fails to return the vehicle to such place within the time specified, and who thereafter fails to return such vehicle to the agreed place or to any other place of business of the lessor within one hundred twenty hours after the lessor shall have sent a written demand to him for the return of the vehicle by registered mail addressed to him at his address as shown in the written agreement or, in the absence of such address, to his last-known address as recorded in the records of the motor vehicle department of the state in which he is licensed to operate a motor vehicle. It shall be a complete defense to any civil action arising out of or involving the arrest or detention of any person to whom such demand was sent by registered mail that he failed to return the vehicle to any place of business of the lessor within one hundred twenty hours after the mailing of such demand."

It should be noted that § 53a-119 deals with various types of larceny. The provision just quoted states that a conversion of a motor vehicle can occur when it falls

within the clause pertaining to a lessee's unauthorized retention of a leased motor vehicle past the stipulated return date.

The first count is directed against the defendant Fidler and is based on malicious prosecution. It essentially alleges that Fidler filed a charge with the New Haven police claiming that the Pinto automobile had been stolen, that subsequent to the plaintiff's arrest the larceny charge was dismissed, and that the charge against the plaintiff was "preferred without probable cause" by Fidler.

The second count makes a claim of malicious prosecution against Globe based on the conduct of the defendant Fidler as an agent, officer and employee of Globe. It is noteworthy that both the first and second counts omit any claims of malice, as to both defendants.

The third count is directed against Fidler and essentially makes an allegation of abuse of process by him. The gravamen of the claim is that Fidler's filing of a criminal charge with the New Haven police was an "abuse of process." In other words, it was the use of the criminal authorities for a purpose for which it was not designed, i.e., the recovery of a rental car which was overdue.

The fourth count likewise alleges on abuse of process, and is directed against the defendant Globe. It seeks to hold Globe responsible for the actions of Fidler, as alleged in the third count, since he was an agent, officer or employee of Globe.

A person bringing an action against another for malicious prosecution in a prior suit must prove that: "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primar-

ily for a purpose other than that of bringing an offender to justice." *McHale* v. *W.B.S. Corporation,* 187 Conn. 444, 447, 446 A.2d 815 (1982); *Zenik* v. *O'Brien,* 137 Conn. 592, 595, 79 A.2d 769 (1951); Wright & Fitz-Gerald, Connecticut Law of Torts (2d Ed.) § 161, p. 337.

A person initiates a criminal proceeding against another if he, in any way, brings pressure upon a public officer's decision to commence prosecution. *McHale* v. *W.B.S. Corporation,* supra, 448; *Fatone* v. *DeDomenico,* 161 Conn. 576, 577, 290 A.2d 324 (1971). A public officer includes both police officers and prosecutors. *Zenik* v. *O'Brien,* supra, 596.

Here, an issue exists as to whether Allen's rental car was reported to the police by the defendants as overdue, or as stolen. The defendant Fidler testified that, in accordance with Globe's company policy, he reported the car as overdue to the police. Other evidence showed, however, that the Allen vehicle was logged on the police lists as stolen. In addition, the plaintiff testified that the officers who arrested him told him that the vehicle was reported stolen. The more credible evidence supports the conclusion that the defendants reported the vehicle as stolen.

The plaintiff also testified that after he was arrested he was charged with second degree larceny and that this charge was subsequently dismissed. The plaintiff has thus probably proved two of the four conditions required to establish malicious prosecution. This court concludes, however, that the plaintiff has not proved either that the defendants acted with lack of probable cause in initiating enforcement action or that they did so primarily for malicious reasons.

Fidler testified that a letter demanding the return of the vehicle was sent by Globe to Allen, although she argued that she did not receive it. In addition, Allen

testified that she called Globe on March 7, 1978, stating she would return the vehicle the next day. This court finds more persuasive, however, the defendants' testimony that no call from Allen was ever received by them on March 7 and, further, that the demand letter was in fact sent by Globe to Allen, pursuant to the statutory mandate.

As the vehicle was not returned to Globe within 120 hours from the date the demand letter was sent, it qualifies as the subject of a larceny. General Statutes § 53a-119 (10). Thus, the defendants had probable cause for calling the police and for reporting the vehicle either as overdue or stolen. Probable cause is the knowledge of sufficient facts to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. *Vandersluis* v. *Weil,* 176 Conn. 353, 356, 407 A.2d 982 (1978); *Paranto* v. *Ball,* 132 Conn. 568, 571, 46 A.2d 6 (1946). The existence of probable cause is an absolute protection against an action for malicious prosecution, and what facts constitute probable cause is a question of law. *Brodrib* v. *Doberstein,* 107 Conn. 294, 296, 140 A. 483 (1928).

As to malice, the plaintiff did not satisfy his burden of proof. Initially, nothing in the record demonstrates that any defendant harbored any personal ill feeling against Allen which might persuade them to press for a criminal prosecution against her out of sheer spite or from some similar sentiment.

Next, and more important, the blunt fact is that prior to the present incident neither defendant was personally acquainted in any manner with the plaintiff. The record is devoid of proof that the defendants specifically requested the arrest of the plaintiff, or swore out a warrant for his arrest. Thus, the plaintiff has failed to demonstrate in any way that the present prosecution was maliciously instigated by the defendants against him.

The court must reiterate at this point that neither of the two counts claiming malicious prosecution contains any allegations of malice against either defendant. That crucial omission compels the conclusion that the plaintiff has failed both to plead and to prove malice, a key element of the claimed tort.

Abuse of process has been defined as the use of "legal process against another in an improper manner, or to accomplish a purpose for which it was not designed . . . ." *Varga* v. *Pareles,* 137 Conn. 663, 667, 81 A.2d 112 (1951); *Schaefer* v. *O.K. Tool Co.,* 110 Conn. 528, 532, 148 A.2d 330 (1930). The essence of abuse of process is misuse of the process, regardless of how properly it was obtained, for a purpose other than that for which it was designed to accomplish. Restatement (Second), Torts § 682; Wright & FitzGerald, supra, § 163, pp. 339–40.

As noted, the vehicle leased by Allen from the defendants had not been returned when due. The defendants testified that they attempted to locate the vehicle and, when they failed to do so, they sent Allen a registered letter demanding the vehicle's return. Receiving no response, they telephoned the police and reported the vehicle as overdue or "stolen." Essentially, they were following quite faithfully the requirements of a criminal statute specifically structured to cope with a problem of the type encountered by the defendants.

The defendants were never directly involved in the arrest of the plaintiff. Moreover, there was no showing that the police action against the plaintiff was initiated by the defendants for any illegal or ulterior purpose. The plaintiff has thus failed to sustain his burden of proof on his claims of abuse of process.

An employer is generally liable for his employees' acts committed within the course of their employment. *Haliburton* v. *General Hospital Society,* 133 Conn. 61, 64,

48 A.2d 261 (1946). That liability may include intentional and wilful acts committed by the employee in furtherance of his employer's business. *Pelletier* v. *Bilbiles,* 154 Conn. 544, 547, 227 A.2d 251 (1967); *Ashley* v. *Ritter Finance Co.,* 29 Conn. Sup. 503, 505, 294 A.2d 83 (1972).

In the present case, Fidler admittedly was an employee of Globe. His call to the police reporting Allen's vehicle as overdue or stolen was made during working hours and in furtherance of Globe's business interests. As previously stated, however, the plaintiff has failed to prove either malicious prosecution or abuse of process by Fidler. Hence, Globe is not liable to the plaintiff for those two torts. If the employee is not found to be liable, then the employer is likewise immune. *Carlson* v. *Connecticut Co.,* 94 Conn. 131, 136, 108 A. 531 (1919).

The more credible evidence supports the defendants' claims here. The plaintiff failed to sustain his burden of proof relative to all four counts.

Judgment may enter for both defendants, on all four counts.