[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (No. 120)
The plaintiff, a physician, alleges that he was arrested and charged with larceny and conspiracy to commit larceny as a result of the defendant insurer's assertion that he fraudulently submitted insurance claims. The criminal charges were ultimately dismissed. The instant action has been instituted seeking damages for "malicious prosecution."
The defendant insurer has filed a Motion for Summary Judgment predicated upon the grounds that no material factual issue exists with respect to whether the insurer "initiated the proceedings" and "whether it acted with probable cause." Documentary support for the motion and plaintiff's opposition thereto is voluminous. Each party has assembled "evidence" which it (he) claims supports its (his) position with respect to the existence or non-existence of factual issues.
As noted above the defendant suggests there is no factual dispute with respect to whether it "initiated the proceedings" CT Page 1437 against the plaintiff and "whether it acted with probable cause." An action for malicious prosecution requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of a criminal proceeding against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff: (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice. McHale v. W. B. S. Corporation, 187 Conn. 444, 447; LoSacco v. Young,20 Conn. App. 6, 19-20; Smith v. Globe Ford, Inc., 39 Conn. Sup. 32.
In connection with the requirement relating to the initiation of the criminal proceeding the court in McHale, supra, 450, indicated that a citizen who in "good faith" provides false incriminating information is immune from liability.
With respect to the issue of probable cause the court stated:
 "The liability of any person who has initiated criminal proceedings depends upon whether he has acted with probable cause, with "the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action.'"
The issues relative to good faith and probable cause presented by the Motion for Summary Judgment and opposition thereto are complex and may only be fairly resolved in a plenary proceeding. Factors of motivation and intention involved in the issue of good faith are not appropriate for summary resolution. Resolution of the probable cause issue requires determination of subordinate facts and implications thereof. The "facts" urged by the defendant at best represent its version.
There are some cases which are inappropriate candidates for summary judgment of which the present action is one.
Motion for Summary Judgment is denied.
JOHN C. FLANAGAN, JUDGE