[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING PETITION FOR REIMBURSEMENT TO THE STATE
Elaine Jackson turned eighteen (18) years old on July 23, 1991. Elaine began receiving state assistance, in the form of an AFDC grant, on July 17, 1989. The sum of state assistance accumulated before Elaine Jackson's eighteenth birthday amounts to $6,121.77. Elaine has a minor child which entitles her to the AFDC award.
Elaine testified that she moved out of her parents apartment in July of 1989 while still in high school because she wanted to be independent (Tr. p. 16) and she felt uncomfortable with the apartment's crowded condition (Tr. p. 28). Elaine testified that her parents asked her not to move out. She did not tell her parents where she was moving. Elaine was pregnant at the time of her moving out and gave birth to her child approximately one month after she moved.
Elaine testified that her parents had no control over her life nor any of her financial matters (Tr. p. 23). Elaine's parents offered her financial assistance as she was moving and after she had moved out but Elaine refused the support because she wanted to be independent. (Tr. p. 31). Elaine did not tell her parents that she planned on applying for state assistance.
Before Elaine moved out, her parents had three of the other children living with them in a two-bedroom apartment. Virginia Jackson, Elaine's mother, testified that she and her husband would sleep in one bedroom, two children would sleep in the other bedroom, and the remaining two children would sleep in the den.
Elaine testified that when she began receiving state assistance, the state informed her that she could not receive financial support from another source and still receive state assistance. Virginia Jackson testified that she and her husband became aware that Elaine was receiving state assistance approximately one month after Elaine had begun to receive such assistance.
Elaine did not live with her parents while she received state assistance. Elaine kept in contact with her mother by CT Page 8184 telephone once a week since moving out, and Elaine's parents have never baby-sat for Elaine's child. Elaine has continuously resided with the same person, a friend, since moving out of her parents' residence.
The action before this court is an appeal from the magistrate's ruling where it was held that: Elaine Jackson was not emancipated during the period that she lived independently of her parents before her eighteenth birthday; and, Virginia Jackson and her husband are responsible for reimbursing the state $6,121.77 which Elaine received in state assistance before reaching the age of eighteen.
The superior court has authority to review final decisions issued by a family support magistrate under Connecticut General Statutes 46b-231(n)(1), which reads that: "(1) [a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." Connecticut General Statutes 46b-231(n)(7) states in relevant part that:
 [t]he superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the family statutory authority of the family support magistrate; (C) made upon lawful procedure; (D) affected by other error
 of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The outcome of the matter at hand rests in part on an examination of statutory and common law emancipation. Also critical to the case at bar is the "neglect or refus[al]" language in Connecticut General Statutes 46b-215. These elements will be addressed seriatim.
"Emancipation of minors in Connecticut derives both from statute and common law." Mills v. Theriault, 40 Conn. Sup. 349, CT Page 8185 351, 499 A.2d 89 (1985). A minor or his/her parent or guardian may petition the superior court for an order of emancipation by invoking the procedure set forth in Connecticut General Statutes46b-150, 46b-150a, 46b-150b, 46b-150c and 46b-150d. Id. Neither Elaine Jackson nor her parents invoked this statutory procedure, but such procedure ". . .does not affect the common law rules of emancipation." Id.
Our Supreme Court in Wood v. Wood, 135 Conn. 280, 285, A.2d 586 (1948), refers to the general, common law, rule of emancipation that ". . .the fact that a child has entered into a relation which is inconsistent with the idea of his being in a subordinate situation in his parent's family is sufficient to effect an emancipation." Id. at 285. Elaine spoke to her mother once a week after moving out and Elaine's parents never baby-sat for Elaine's child. The level of contact maintained between Elaine and her parents after Elaine moved out seems typical of that which is sustained between adults and their parents. Under Wood, ". . .inconsisten[cy] with the idea of [Elaine's] being in a subordinate situation in [her] parent's family. . ." also is evidenced by the discontinuance of financial support to Elaine by her parents. The Jacksons offered financial support to Elaine, both when Elaine was moving out and after Elaine had moved out. At both times, Elaine refused the support.
The case of Town v. Anonymous, 39 Conn. Sup. 35,467 A.2d 687 (1983-1986), where a minor was declared emancipated under common law, is applicable to the matter at hand. In Town v. Anonymous, a fifteen year old minor girl, seven months pregnant, moved out of her parents' residence and moved in with her nineteen year old, unemployed boyfriend. Her parents asked her not to leave and at all times were willing to support their daughter and her child in the parental home. The parents did not contribute to the support of their daughter after she had moved out. The minor girl originally received support from the boyfriend's workfare payment from the town, and subsequently from ". . .town welfare in her own name and that of her baby. . . ." Id. at 38. The magistrate distinguishes Town v. Anonymous from the instant case by noting that the minor girl in Town v. Anonymous left her parents' house so that she could live with her boyfriend who was going to support her. The magistrate found this to be far different than the matter before us where Elaine intended on receiving support from the state when she moved out of her parents' residence. There is nothing from case law regarding common law emancipation upon which such a distinction may be based. Certainly the similarity between the sources of incomes which the respective minors in the case at hand and Town v. Anonymous expected upon moving out of their parents' dwelling in that both incomes were lawful. Hence, Elaine Jackson became emancipated under the common law of the State of Connecticut when CT Page 8186 she moved out of her parents' residence.
Next, Connecticut General Statutes 46b-215(a) must be examined in order to determine if Elaine's parents are liable for the state assistance she received up until the time of her eighteenth birthday.
 The obligation of a parent to support his child is based not only on principles of common law and social policy; it is also firmly rooted in the Connecticut statutes. General Statutes 46b-215(a) provides in pertinent part as follows: `(a) The superior court shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to. . .a child under the age of eighteen, according to his or her ability to furnish such support.' Mills, 40 Conn. Sup. 349, 352, 499 A.2d 89.
Application of Connecticut General Statutes 46b-215(a) hinges on the interpretation of "neglects or refuses."
Case law appears to indicate that two criteria must be satisfied to legally justify non-support. First, the minor child must ". . .voluntarily live apart, from the parental home." Town v. Anonymous, 39 Conn. Sup. 35, 37, 467 A.2d 687. Second:
 Parents who offer a home, food, shelter, medical care and other necessities of life to their minor children have adequately discharged their obligation of support under 46b-215 and are not subject to orders of support. Such orders may be imposed only upon those parents who neglect or refuse to furnish such necessary support to their minor children. Id. at 38.
Under these criteria, it is clear from the transcript that Elaine's parents did not "neglect or refuse to furnish necessary support" to her. Evidence indicates that Elaine's parents asked her not to move out. Moreover, Elaine's parents offered her support, both at the time she was moving out and after she had done so. The magistrate, after hearing Elaine's testimony that she left because she felt the apartment was too crowded, found that Elaine was "forced" to move out due to the conditions in CT Page 8187 which she had been living. A two-bedroom apartment, with a den also used as sleeping quarters, is a very typical living arrangement in some family financial circumstances for a family the size of the Jacksons. Many children certainly would cherish the opportunity to have their own bedroom but, for numerous children, a private bedroom is not possible.
This court finds that Elaine was not forced to move out of her parents' residence; she was merely exercising her preference to be on her own. Indeed, life may very well have been easier for Elaine if she had waited longer before claiming her independence, and refusing parental support.
Upon the aforesaid facts and upon the foregoing case authorities, this court finds that Elaine Jackson was emancipated for the period that she received state assistance prior to her eighteenth birthday, and her parents have no obligation to reimburse the State of Connecticut for state assistance provided prior to her eighteenth birthday.
For the foregoing reasons, the ruling on this matter by the family support magistrate is hereby reversed due to the finding of this court that:
 . . .substantial rights of [Elaine's parents] have been prejudiced because the decision of the family support magistrate is: . . .(D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Connecticut General Statutes 46b-231(n)(7).
CLARANCE J. JONES, JUDGE