[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the defendants from a decision of the family support magistrate denying their motion to dismiss. The parties' pleadings reveal the following facts. On February 26, 1999, support petitions were filed for the support of the minor child, John Williams, by the child's maternal grandmother, Cynthia A. Lee, on behalf of the State, against the child's legal parents, Robin L. Williams and James Williams (the defendants). CT Page 16382 The support petitions have been consolidated and will hereinafter be referred to as the support petition.
On April 8, 1999, the defendants filed a motion to dismiss the support petition on the grounds that: (1) the child emancipated himself under the common law and (2) they never neglected or refused to provide support for the child. On October 15, 1999, the family support magistrate conducted an evidentiary hearing solely on the issue of whether the child was emancipated under the common law. The family support magistrate held that the child was not emancipated at common law and denied the defendants' motion to dismiss the support petition.
The defendants bring this appeal claiming, in part, that the family support magistrate's denial of their motion to dismiss was erroneous because there was never any finding that they neglected or refused to support the child, which is a condition precedent to the granting of a support petition under General Statutes §46b-215. The court dismisses the appeal without determining its merits, however, because the family support magistrate's denial of the motion to dismiss was not a final decision.
Section 46b-231 (n)(1) of the General Statutes provides: "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." (Emphasis added.) An appeal to the Superior Court from a decision of a family support magistrate thus requires a final decision or judgment. See Bretemps v. Strona, Superior Court, judicial district of Hartford, Docket No. 0620924 (January 24, 1997, Robinow, J.); State v. Flores, Superior Court, judicial district of Hartford, Docket No. 0626587, n. 2 (May 25, 1999,Grendel, J.).
"The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of [a] court."Harrall-Michalowski Associates, Inc. v. Shippee,40 Conn. App. 613, 615, 672 A.2d 539 (1996). A "court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear." Sasso v. Aleshin, 197 Conn. 87, 90, 495 A.2d 1066
(1985).
"[T]he denial of a motion to dismiss is not ordinarily a final judgment." Id., 90. Therefore, the family support magistrate's denial of the defendants' motion to dismiss the support petition cannot be found to constitute a final decision CT Page 16383 or judgment from which an appeal can be taken to the Superior Court. See Bretemps v. Strona, Superior Court, Docket No. 0620924. As such, this court lacks subject matter jurisdiction and the appeal is dismissed.
Although the court finds that the lack of subject matter jurisdiction is dispositive of the appeal, a discussion of the law regarding § 46b-215 is provided. Section 46b-215 (a) provides, in pertinent part, that "[t]he Superior Court or a family support magistrate shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to . . . a child under the age of eighteen. . . ." "A condition precedent to the granting of an order for payment of support under General Statutes § 46b-215 is the neglect or refusal to furnish necessary support to the minor child by the parents. . . . Parents who offer a home, food, shelter, medical care and other necessities of life to their minor child have adequately discharged their obligation of support under § 46b-215 and are not subject to orders of support." Town v. Anonymous, 39 Conn. Sup. 35, 37-38,467 A.2d 687 (1983).
Therefore, for a support order to be imposed upon the defendants, a hearing must be held to determine whether the defendants neglected or refused to support the child. Accordingly, the appeal is dismissed and the matter remanded to the Family Support Magistrate Division of the Superior Court for further proceedings consistent with this opinion.
It is so ordered.
By the court
Higgins, J.