[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Before the court is the defendant's motion to dismiss the plaintiff corporation's two count complaint. The plaintiff, Phoenix Limousine, Inc., seeks a temporary injunction to prevent the defendant, Nancy Murray, executrix of the estate of Steven Hilchen, from conducting further discovery of corporate documents and seeks monetary damages for the costs it has incurred as a result of alleged abuses of process committed by the defendant.
The plaintiff is a corporation engaged in the business of providing private limousine services in Connecticut. The defendant's decedent, Steven Hilchen, owned approximately thirty shares of stock in the plaintiff corporation at the time of his death on December 12, 1997. CT Page 9503 During probate of the estate of the defendant's decedent, the defendant indicated that she needed information and documents from the plaintiff corporation to facilitate valuation of the thirty shares for the purpose of completing an estate tax return. The plaintiff corporation alleges that it complied with the defendant's request by providing the defendant with its annual income and expense reports, and monthly income and expense reports from 1995 to 1998, its federal tax returns from 1995 to 1997, and testimony from Jesse Smith, an accountant employed by the plaintiff corporation. The defendant contends that in order to ascertain the value of the thirty shares and to prepare the estate tax return, she and the estate's appraiser, Edward M. Axelrod need to review canceled checks, invoices, payroll records, worker's compensation insurance policies and other documents deemed necessary by Axelrod.
The plaintiff corporation alleges that in order to compel review of these documents, the defendant filed an application with the Westport Probate Court seeking an order for the oral examination of Daniel Letizia, president of the plaintiff corporation. On September 14, 2000, the Probate Court, O'Grady, J., ordered Letizia to appear in the Westport Probate Court to be examined under oath on September 18, 2000, at 9 a.m. In order to prevent the examination of Letizia and the disclosure of corporate documents containing confidential and protected financial information, which, according to the plaintiff corporation has the potential to put it out of business, it filed the present two count complaint and an application for temporary injunction.[1]
The plaintiff corporation also seeks monetary damages because it alleges that the defendant has harassed it and engaged in abuse of civil process by filing numerous and duplicative requests for information in the Superior and Probate Courts. Further the plaintiff claims that the defendant's behavior has caused it to lose time and to incur legal and accounting fees.
In her motion to dismiss, the defendant contends that the plaintiff corporation's complaint should be dismissed because the Superior Court lacks subject matter jurisdiction to hear the claims raised in the complaint, the plaintiff corporation failed to properly serve the defendant,[2] and the plaintiff corporation's process was insufficient because the writ of summons and the caption in the pleadings filed do not cite the same plaintiff. In opposition, the plaintiff corporation contends that the defendant is not attacking the court's jurisdiction but is attacking the sufficiency of the complaint. The plaintiff corporation notes that although the defendant raises the issue of jurisdiction in the motion page, she does not brief an argument thereon. Thus, it argues that the defendant's motion to dismiss should be denied because the proper vehicle to attack the sufficiency of the complaint is a motion to CT Page 9504 strike. In the alternative, the plaintiff argues that this court has jurisdiction over the subject matter and is the proper court to decide an equitable matter because the Probate Court is a court of limited jurisdiction. The plaintiff corporation also contends that the defendant failed to comply with Practice Book § 10-31 by failing to file an affidavit in support of her motion to dismiss, and that the defendant was properly served.
Practice Book § 10-31(a) provides in pertiment part, "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy."Federal Deposit Insurance Corporation v. Crystal, 251 Conn. 748, 763,741 A.2d 956 (1999). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Borden v. Planning Zoning Commission,58 Conn. App. 399, 405, 755 A.2d 224, cert. denied, 254 Conn. 921,759 A.2d 1023 (2000). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citation omitted.) Board of Education v. Naugatuck, 58 Conn. App. 632,634, 755 A.2d 297, cert. granted, 254 Conn. 929, 761 A.2d 752 (2000).
"A motion to dismiss admits all facts well pleaded [in the complaint, construing them in the light most favorable to the pleader,] and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." Malasky v. Metal Products Corp.,44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906,695 A.2d 539 (1997).
Count One
In count one of the complaint, the plaintiff corporation seeks a temporary injunction to prevent the defendant from conducting further discovery of its corporate documents in order to determine the value of the thirty shares. The defendant advances several reasons why the court should dismiss this count. First, the defendant asserts that count one is CT Page 9505 moot because at the order to show cause hearing, held on September 18, 2000, the court, Melville, J., dissolved the ex parte injunction and dismissed the application for temporary injunction because the plaintiff corporation failed to serve Nancy Murray, the executrix of the estate. The defendant contends that because the plaintiff corporation had the opportunity to and failed to obtain a temporary injunction, it has litigated the issue and cannot seek the same relief under identical factual circumstances. "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Ferreira v. Pringle, 255 Conn. 330, 346, ___ A.2d ___ (2001). The record does not indicate that the ex parte injunction was dissolved and the defendant has not provided the court with a transcript of the September 18, 2000 hearing. Thus, the court cannot dismiss count one on the ground of mootness.
Second, the defendant contends that the writ of summons is defective because it names a party as the plaintiff that is different from the plaintiff named in the pleadings. Specifically, the defendant contends that in the writ of summons "Daniel Letizia — President of Phoenix Limousine Service, Inc." is named as the plaintiff whereas in the pleadings, "Phoenix Limousine Service, Inc." is named as the plaintiff. "[A] writ of summons is a statutory prerequisite to the commencement of a civil action. . . . [I]t is an essential element to the validity of the jurisdiction of the court. . . . Although the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . the plaintiffs complaint must contain the basic information and direction normally included in a writ of summons. . . .Hillman v. Greenwich, [217 Conn. 520], 526, [587 A.2d 99 (1991).]" Raynorv. Hickock Realty Corp., 61 Conn. App. 234, 238-39, ___ A.2d ___ (2000). General Statutes § 52-128 provides in pertiment part "[t]he plaintiff may amend any defect, mistake or informality in the writ . . . without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same." The record reflects that on October 10, 2000, the day of the return date, the plaintiff corporation properly amended the writ of summons and indicated that the proper plaintiff is the plaintiff corporation and not the president of the plaintiff corporation. Accordingly, the court will not dismiss count one on the ground that process was deficient.
Finally, the defendant asserts that the proper method for the plaintiff corporation to seek review of the Probate Court's order is by filing an appeal therefrom.[3] In the alternative, the defendant asserts that this court cannot consider granting the temporary injunction because it would interfere with the Probate Court's jurisdiction. In response, the CT Page 9506 plaintiff corporation asserts that the defendant is seeking to contest the sufficiency of the complaint and because the proper vehicle for doing so is a motion to strike, the defendant's motion to dismiss should be denied. In the alternative, the plaintiff corporation argues that the Superior Court hasjurisdiction to hear this matter because the Probate Court is a court of limited jurisdiction and cannot hear an application for temporary injunction.
A party aggrieved by an order or decree of the Probate Court can challenge its validity in two ways. First, pursuant to General Statutes § 45a-186 (a), "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specifically provided by law. may appeal therefrom to the Superior Court. . . ." Second, "[e]xceptional circumstances may exist in which the [Superior Court] will consider an equitable attack on a probate [court] order or decree." Hunt v. Dubno, 1 Conn. App. 529, 534, 473 A.2d 1235 (1984). "In all cases, where by accident, mistake, fraud or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily make that court an instrument of injustice, and it is, therefore, against conscience that he should use that advantage, a court of equity will interfere, and restrain him from using the advantage which he has thus improperly gained. Tucker v. Baldwin, 13 Conn. 136, 144." Folwell v.Howell, 117 Conn. 565, 568-69, 169 A.2d 199 (1933). "The Superior Court `may in proper cases, grant relief against decrees of the Probate court procured by fraud, accident, mistake and the like.'" Id. In Folwell v.Howell, the Superior Court was first given the authority to exercise its equity jurisdiction over Probate Court orders and decrees. The plaintiff therein sought to obtain equitable relief against a Probate Court order authorizing the probate of a will that the plaintiffs claimed was obtained through the exercise of fraud, imposition and undue influence on the testator. Id, 567. The Supreme Court held that "[t]he principal relief in such a case as this should be by a direct attack upon the decree of the Court of Probate admitting the will to probate, and the remedy would be a judgment of the Superior Court that the decree is null and void and that it be set aside, and the defendants be restrained from setting it up as a defense to further proceedings in the Court of Probate, thus leaving the parties to bring the question of the admission of the will to probate again before that court in disregard of the decree." Id, 572.
In the present case, the plaintiff corporation did not file an appeal of the Probate Court order dated September 14, 2000. Further, the language of the complaint does not indicate that the Probate Court's order was procured through the use of fraud, mistake, accident or some other inequitable manner. In fact, in paragraphs 11 through 13, the plaintiff corporation indicates that it is requesting equitable relief CT Page 9507 because it "is unable to appeal the order of September 14, 2000, prior to the time testimony is scheduled to commence since the Probate Judge needs to sign any appeal of his own order, and the Plaintiff cannot seek judicial review by Monday at 9:00 a.m. since this Court does not open until 10:00 a.m." In addition, the court notes that Letizia failed to appear for examination in the Westport Probate Court on September 18, 2000. Subsequently, on October 19, 2000, the Probate Court, O'Grady, J., issued another order for Letizia to appear on October 23, 2000, and stated that his failure to appear would result in the issuance of a capias for his arrest. The plaintiff corporation filed an appeal of the order dated October 19, 2000, which is still pending. This court concludes that the plaintiff corporation has not shown that this case involves exceptional circumstances that would justify this court in exercising its equity jurisdiction over the Probate Court. Therefore, the motion to dismiss count one on the ground that it lacks subject matter jurisdiction is granted.
Count Two
In the second count of the complaint, the plaintiff corporation asserts that the defendant has "repeatedly harassed the plaintiff by filing simultaneous requests for documents and information in both the Superior and Probate Courts" causing it to incur legal and accounting fees and to lose of time. Thus, the plaintiff corporation asserts that the defendant has abused the civil process and that the plaintiff corporation should be compensated for its losses. In opposition, the defendant asserts that this count should be dismissed because it fails to state a cause of action.
"[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v.Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). Because the defendant's motion to dismiss count two fails to challenge the jurisdiction of the court, it must be denied as procedurally defective. "However, because the issues raised in the defendant's motion to dismiss are appropriately raised in a motion to strike, the court, [has] discretion [to] treat the defendant's motion as a motion to strike. SeeMcCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527, 590 A.2d 438
(1991) (trial court should have treated the motion to dismiss as a motion to strike)." Cornerstone Family Services v. Royce, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 372629 (October 25, 2000, Skolnick, J).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) CT Page 9508Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1999). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the complaints, construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-233, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . ." (Citations omitted.) Doe v. Yale University, 252 Conn. 641, 667,748 A.2d 834 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id.
"An action for abuse of process lies against any person using `a legal process against another in an improper manner or to accomplish a purpose for which it was not designed.'" Mazzocchi v. Beck, 204 Conn. 490, 494,529 A.2d 171 (1987). "[T]he gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . . (Emphasis added.) Comment b to [Restatement (Second), Torts] § 682 explains that the addition of `primarily' is meant to exclude liability when the process is used for the purpose for which it was intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Internal quotation marks omitted.) Id. "[A]ttomeys have a duty to their clients and to the judicial system not to pursue litigation that is utterly groundless, [and] that duty does not give rise to a third party action for abuse of process unless the third party can point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation." Id, 497. "The essence of abuse of process is misuse of the process, regardless of how properly it was obtained, for a purpose other than that for which it was designed to accomplish. Restatement (Second), Torts § 682. . . ." Smith v. GlobeFord, Inc., 39 Conn. Sup. 27, 34, 467 A.2d 1262 (1983).
In count two, the plaintiff corporation alleges that the defendant's multiple and duplicitous filings constituted harassment, were designed to force it to pay an excessive sum of money for the thirty shares, and were unfair and unreasonable conduct. As a result, the plaintiff corporation alleges that it has incurred "unnecessary legal fees, accounting fees, and has [lost] time and energy from its business." However, the plaintiff corporation's allegations fail to indicate that the defendant engaged in any "specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation." Mazzochi v. Beck, supra,204 Conn. 497. Furthermore, "there is no claim that the defendants used the pleadings or the process . . . as leverage to coerce the plaintiff to pay CT Page 9509 a debt or surrender property unrelated to the litigation. Similarly, there is no claim that the defendants used unreasonable force, excessive attachments or extortionate methods to enforce the right of action asserted . . . Finally there is no claim that the defendants' purpose in pursuing the . . . case was to gain any collateral advantage extraneous to its merits." Id, 493-94. The plaintiff corporation's allegations are conclusory and are not supported by facts sufficient to state a cause of action for abuse of process.[4] Accordingly, it is submitted that the second count of the complaint should be stricken.
 CONCLUSION
In conclusion, the court grants the defendant's motion to dismiss count one on the ground that the court does not have subject matter jurisdiction over the matter. As to count two, the court treats the defendant's motion to dismiss as a motion to strike because the defendant is challenging the sufficiency of the complaint and not the court's jurisdiction. The court strikes count two of the plaintiff corporation's complaint on the ground that it is legally insufficient.
BY THE COURT,
 ____________________ JUDGE DAVID SKOLNICK