[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants have moved to strike from the plaintiffs' amended complaint the counts alleging vexatious litigation and abuse of process. The court finds that the plaintiffs have failed to plead facts sufficient to support such causes of action and grants the defendants' motion to strike.
Before the court is the defendants' motion to strike (#106) counts one through five, eight, eleven of the plaintiffs' amended complaint. The plaintiffs herein are Thomas P. Greenwalt, Donna Marie Sedgwick, BHCC Corp., Hirsch Construction Company, Inc., and Birch Hill Construction Limited Partnership. The defendants herein are F. Gary Honulik, Michelle Honulik, and Harlow, Adams Friedman, P.C., the Honuliks' law firm. This action arises out of another lawsuit between the same parties.
The plaintiffs allege the following facts in their amended complaint, filed September 8, 2000. On April 7, 1995, the Honuliks commenced an action against the plaintiffs herein alleging multiple claims for defects in the workmanship and materials used by the defendants in the construction of a home purchased by the Honuliks in May, 1994. The Honuliks alleged, among other things, that the exterior of their home had defects as a result of improper finishing and/or painting/staining. In summer 1996, the Honuliks and Birch Hill Construction Limited Partnership (Birch Hill) engaged in negotiations in an effort to resolve the plaintiffs' claims related to these paint defects. On October 8, 1996, the Honuliks and Birch Hill executed a settlement agreement for the "full and final settlement and in full satisfaction of any and all legal rights and remedies of any kind whatsoever which [the Honuliks] may have by virtue of any and all provisions contained in the contract as well as in full and final satisfaction of any and all legal rights or remedies afforded by statute or otherwise with respect to the exterior painting and cracked clapboard on the house." The settlement agreement required the Honuliks to execute a release and to revise their complaint so as to delete all references to the defects in the paint on the exterior of their home. Pursuant to the settlement agreement, the Honuliks' home was prepared and repainted in fall 1996. CT Page 14263
After deleting the references to the defects in the paint on the exterior of their home, on July 13, 1999, the Honuliks filed an amended revised complaint adding a paragraph in which they alleged that the paint on the exterior of their home was bubbling and peeling. The plaintiffs filed a motion to preclude and a request to revise asking the court to require the Honuliks to delete any reference to the bubbling and peeling of the paint in the amended revised complaint. The court, Rush, J., held a hearing on the motions and issued an order requiring the defendants to delete any references to the bubbling and peeling paint and providing that the Honuliks would not be permitted to recover any damages for the repainting to the exterior of their home. On November 22, 1999, the Honuliks filed an amended revised complaint in which they deleted all references to the bubbling and peeling paint on the exterior of their home.
On February 28, 2000, the plaintiffs filed the present action. In an eleven count complaint, the plaintiffs allege, in pertinent part, claims against the defendants for vexatious litigation and abuse of process, and seek relief in the form of damages, interest, costs of the suit, and other relief in law and equity. On April 11, 2000, the defendants filed a motion to strike the plaintiffs' claims for vexatious litigation (counts one through five, eight, and eleven) and the plaintiffs' claims for abuse of process (counts three, five, eight, and eleven). The court, Moran,J., granted the defendants' motion to strike the plaintiffs' claims for vexatious litigation on the ground that "the plaintiffs [failed] to allege the termination of the previous action in [their] favor." BirchHill Construction Limited Partnership v. Harlow, Adams Friedman, P.C.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 372204 (August 25, 2000, Moran, J.) The court also granted the motion to strike the plaintiffs' claims for abuse of process on the ground that "the plaintiffs [failed] to allege that the defendants used legal process in an improper manner or to accomplish an unlawful purpose . . . [and] that the defendants primary purpose in resorting to legal process was to accomplish a purpose for which [it] was not designed." (Citation omitted.) Id.
On September 8, 2000, the plaintiffs filed an amended eleven count complaint, purportedly in response to the court's decision on the motion to strike. On October 16, 2000, the defendants filed a motion to strike counts one through five, eight, and eleven on the grounds that the plaintiffs fail to plead facts sufficient to support causes of action for vexatious litigation and abuse of process.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim CT Page 14264 upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1999). In ruling on a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action. " Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-233, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id.
Vexatious Litigation — Counts One, Two, and Four
In counts one, two, and four, the plaintiffs allege that in the other lawsuit, the defendants prosecuted their claims for defects in the paint on the exterior of their home without probable cause and with intent to unjustly vex and trouble the plaintiffs. The defendants contend that although the plaintiffs amended their complaint, they still fail to allege that the underlying action terminated in their favor. The plaintiffs contend that they have sufficiently pleaded the termination of the underlying action.[1]
"In a . . . vexatious litigation action, it is necessary to prove want of probable cause, malice and a termination of [the] suit in the plaintiffs' favor. DeLaurentis v. New Haven, 220 Conn. 225, 248,597 A.2d 807 (1991). [Establishing] a cause of action for vexatious suit requires proof that a civil action has been prosecuted not only without probable cause but also with malice. Bridgeport Hydraulic Co. v. Pearson,139 Conn. 186, 194, 91 A.2d 778 (1952) . . . It must also appear that the litigation claimed to be vexatious terminated in some way favorable to the defendant therein. . . . Merrill Lynch, Pierce, Fenner Smith, Inc.v. Cole, 189 Conn. 518, 538, 457 A.2d 656 (1983)." (Internal quotation marks omitted.) QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343,361, 773 A.2d 906 (2001). "In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. . . . The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for CT Page 14265 vexatious litigation. " (Citations omitted; internal quotation marks omitted.) Zeller v. Consolini, 235 Conn. 417, 424, 666 A.2d 64 (1995).
"Courts have taken three approaches to the `termination' requirement. The first, and most rigid, requires that the action have gone to judgment resulting in a verdict of . . . no liability, in the civil context. The second permits a vexatious suit action even if the underlying action was merely withdrawn so long as the plaintiff can demonstrate that the withdrawal took place under circumstances creating an inference that the plaintiff was . . . not liable, in the civil context. The third approach, while nominally adhering to the `favorable termination' requirement, in the sense that any outcome other than a finding of . . . liability is favorable to the accused party, permits a . . . vexatious suit action whenever the underlying proceeding was abandoned or withdrawn without consideration, that is, withdrawn without . . . a settlement favoring the party originating the action. " DeLaurentis v. New Haven, 220 Conn. 225,250, 597 A.2d 807 (1991). "When a lawsuit ends in a negotiated settlement or compromise, it does not terminate in the plaintiffs favor and therefore will not support a subsequent suit for vexatious litigation. See Baird v. Aluminum Seal Co., 250 F.2d 595, 601-602 (3d Cir. 1957);Merritt-Chapman Scott Corporation v. Elgin Coal, Inc., 358 F. Sup. 17,20 (E.D.Tenn. 1972); Prosser., Torts (4th Ed. 1971) § 120; 3 Restatement (Second), Torts § 674, comment j' § 660, comments a, c (1977). This conclusion recognizes that the law favors settlements, which conserve scarce judicial resources and minimize the parties' transaction costs, and avoids burdening such settlements with the threat of future litigation. " Blake v. Levy, 191 Conn. 257, 264, 464 A.2d 52
(1983).
Here, the plaintiffs allege that the claims against them in the underlying action relating to the paint on the exterior of the Honuliks' home were "abandoned and withdrawn" from the underlying action due to a settlement agreement,[2] and that the settlement agreement terminated all claims related to defects in the paint on the exterior of the Honuliks' home. Presumably, however, the remaining claims were not affected by the settlement agreement and continue to be litigated. The plaintiffs do not allege or provide the court with evidence that the underlying action was terminated in toto. In any case, even if the underlying action terminated with a settlement agreement, the Supreme Court has stated that such termination is not sufficient to maintain a cause of action for vexatious litigation. Blake v. Levy, supra, 264. Accordingly, the court grants the defendants' motion to strike counts one, two, and four of the plaintiffs' amended complaint.
Abuse of Process — Counts Three, Five, Eight, and Eleven
CT Page 14266
In counts three, five, eight, and eleven, the plaintiffs allege that the defendants have engaged in the abuse of process. The defendants contend that although the plaintiffs amended their complaint, they still fail to allege that the defendants had an improper or unlawful purpose in instituting the underlying action and that such improper purpose was the primary purpose for instituting the underlying action. The plaintiffs contend that they have sufficiently pleaded that the defendants used process primarily for an unlawful purpose.[3]
"An action for abuse of process lies against any person using `a legal process against another in an improper manner or to accomplish a purpose for which it was not designed.'" Mazzocchi v. Beck., 204 Conn. 490, 494,529 A.2d 171 (1987). "[T]he gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . . (Emphasis added.) Comment b to [Restatement (Second), Torts] § 682 explains that the addition of `primarily' is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Internal quotation marks omitted.) Id. "[A]ttorneys have a duty to their clients and to the judicial system not to pursue litigation that is utterly groundless, [and] that duty does not give rise to a third party action for abuse of process unless the third party can point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation. Any other rule would ineluctably interfere with the attorney's primary duty of robust representation of the interests of his or her client." Id., 497. "The essence of abuse of process is misuse of the process, regardless of how properly it was obtained, for a purpose other than that for which it was designed to accomplish. Restatement (Second), Torts § 682. . . ."Smith v. Globe Ford, Inc., 39 Conn. Sup. 27, 34, 467 A.2d 1262 (1983).
Here, in each of the four counts, the plaintiffs allege that the defendants either prosecuted claims related to the paint on the exterior of the Honuliks' home or made false statements and misrepresentations in their disclosure of an expert witness, "[a]s part of an effort by the Defendants to cause the Plaintiffs to incur additional time, expense and inconvenience in an attempt to force and/or coerce the Plaintiffs to compromise and/or withdraw various claims which they had or might have asserted against the Defendants in various pending litigation by and between the Plaintiffs and the Defendants. . . ." The plaintiffs, however, fail to allege that the defendants' primary purpose in instituting the action was unlawful and was to cause the plaintiffs an injury outside the normal course of litigation. "The complaint in no way distinguishes between the costs and benefits ordinarily associated with the pursuit of litigation and the burdens that the defendants in this CT Page 14267 case allegedly improperly inflicted upon the [plaintiffs]." Mazzochi v.Beck, supra, 497-98. "For example, there is no claim that the defendants used the pleadings or the process in the [underlying] case as leverage to coerce the plaintiff to pay a debt or surrender property unrelated to that litigation. Similarly, there is no claim that the defendants used unreasonable force, excessive attachments or extortionate methods to enforce the right of action asserted in the [underlying] case. Finally, there is no claim that the defendants' purpose in pursuing the [underlying] case was to gain any collateral advantage extraneous to its merits." Mazzocchi v. Beck, supra, 493-94. Accordingly, the court grants the defendants' motion to strike counts three, five, eight, and eleven of the plaintiffs' amended complaint.
The court grants the defendants' motion to strike counts one through five, eight, and eleven on the ground that the plaintiffs failed to plead sufficient facts to support their causes of action for vexatious litigation and abuse of process.
THIM, J.